```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 1 9 2020

------------------------------------- x

DR. MUHAMMAD, *Plaintiff in Propia Persona Sui Juris*,

              Plaintiff,

-against-

ANTHONY J. ANNUCCI, *Acting Commissioner*; William Keyser, *Superintendent, Sullivan Correctional Facility*; GARY SIPPLE, *Chief Security, Sullivan Correctional Facility*; SERGEANT ROHAN, *Sullivan Correctional Facility*; NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION,

              Defendants.

MEMORANDUM DECISION AND ORDER

19 Civ. 3258 (GBD) (OTW)

------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

Plaintiff Dr. Muhammad, *pro se*, brings this action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101; 1983 against Defendants Keyser, Sipple, and Rohan, each of whom are employees of the Sullivan Correctional Facility (the "Facility"), as well as Defendant Annucci, the Acting Commissioner, and the New York State Department of Corrections and Community Supervision (collectively, "Defendants"), claiming that Defendants violated his civil rights by refusing to allow him to use his handmade walking cane and not providing a substitute prison-approved cane while at the Facility. (*See* Compl., ECF No. 2, at ¶¶ 1–5.) Defendants moved to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6). (*See* Notice of Mot., ECF No. 20; Defs.' Mem. of Law in Supp. of Their Mot. to Dismiss the Compl. ("Mot. in Supp."), ECF No. 21.)

Before this Court is Magistrate Judge Wang's January 17, 2020 Report and Recommendation (the "Report," ECF No. 40), recommending that Defendants' motion to dismiss

be granted[1] and that Plaintiff be granted leave to amend his complaint. (*See* Report at 18.) In her Report, Magistrate Judge Wang advised the parties that failure to file timely objections would constitute waiver of those objections on appeal. (*Id.* at 18–19.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report.

## I. FACTUAL BACKGROUND

On December 9, 2017, Plaintiff, who suffers from a "physically impaired" right leg and uses a walking cane, attempted to visit an inmate at the Facility. (Compl. at ¶¶ 9, 17–18.) Defendant Rohan informed Plaintiff that he would not be permitted to use his handmade cane and that the Facility had substitute canes for visitors. (*Id.* at ¶¶ 2–3.) However, Defendant Rohan refused to provide Plaintiff with a substitute cane, or contact his superiors when Plaintiff requested that he do so. (*Id.* at ¶¶ 3–5.) Additionally, Plaintiff states that Defendant Rohan refused to read a letter written by Plaintiff's medical doctor, which Plaintiff alleges authorized him to use his handmade cane. (*Id.* at ¶ 4.) Plaintiff claims that due to this incident, he now suffers from migraine headaches and depression. (*Id.* at ¶ 25.)

## II. LEGAL STANDARDS

### A. Reports and Recommendations.

This Court may accept, reject, or modify, in whole or in part, the findings set forth in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a report and recommendation, the court may adopt it if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] 'left with the

---

[1] Because this Court adopts Magistrate Judge Wang's recommendation that the complaint be dismissed for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), it need not assess Defendants' claim that the complaint should be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 12(b)(2) or 12(b)(5) for insufficient service.

2

definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## B. Rule 12(b)(1) Lack of Subject Matter Jurisdiction.

"[A] claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see also Whitmore v. Ark.*, 495 U.S. 149, 154 (1990) ("It is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue."). In deciding a 12(b)(1) motion, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (citation omitted). "[U]nder Rule 12(b)(1), [a court is] permitted to rely on non-conclusory, non-hearsay statements outside the pleadings[.]" *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013).

## C. Rule 12(b)(6) Failure to State a Claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

3

The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).[2]

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

### III. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM

The Report correctly found that Plaintiff's allegations do not state a claim for relief under the ADA against Defendants. (*See* Report at 18.)

#### A. The Complaint Fails to State a Claim Under 12(b)(6).

##### 1. Plaintiff's Claims Against Defendants Annucci, Keyser, and Sipple in Their Individual Capacities Are Dismissed.

Pursuant to Second Circuit case law, Title II of the ADA does not permit Plaintiff to bring a suit against state officials in their individual capacity. (*Id.* at 5 (citing *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001)).) Therefore, the claims against Defendants Annucci, Keyser, and Sipple in their individual capacities are dismissed.

---

[2] "In deciding a motion to dismiss under Rule 12(b)(6), the court may refer 'to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Fishbein v. Miranda*, 670 F. Supp. 2d 264, 271 (S.D.N.Y. 2009) (quoting *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

4

### 2. Plaintiff's Claims for Monetary Relief are Dismissed.

Plaintiff has not alleged facts that sufficiently demonstrate that he is entitled to monetary damages on his claims. (*Id.* at 5–12.) As the Report explained, courts in this Circuit have split over whether to apply the standard developed in *United States v. Georgia*, 546 U.S. 151 (2006), or the standard developed in *Garcia*, 280 F.3d 98, when analyzing a Title II damages claim against the State. (*Id.* at 5–6.) Regardless of which test this Court applies, however, and even when reading the complaint in a light most favorable to Plaintiff, Plaintiff's claims for monetary damages fail.

First, the Report properly found that, even assuming Plaintiff is a "qualified individual" based on the definition of "disability" found in 42 U.S.C. § 12102, Plaintiff's claims fail under the *Georgia* test because although Plaintiff makes conclusory assertions that Defendants acted discriminatorily by not permitting him to use his handmade cane, the fact that the Facility has substitute canes for visitors rebuts Plaintiff's theory. (*Id.* at 6–8.) With regard to Plaintiff's assertion that Defendants refused to provide him with a substitute cane, the Report found that Plaintiff has sufficiently alleged an ADA claim. (*Id.* at 9.) Despite this finding, as the Report correctly describes, Plaintiff has not met the second step of the *Georgia* test, requiring that he demonstrate that the ADA violation also violated the Fourteenth Amendment, *i.e.*, in relevant part, that there was no rational basis for the State's failure to offer an accommodation. (*Id.* at 9 (quoting *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001)).) As the Report correctly explains, Plaintiff's claim fails here because "[o]ther than the conclusory allegation that Defendants conspired to discriminate against him, Plaintiff does not allege in the complaint that he was denied use of the substitute cane on account of his disability or that similarly situated individuals were permitted use of substitute canes." (*Id.* at 10.)

5

Additionally, the *Garcia* test requires that Plaintiff "allege[] a 'discriminatory animus or ill will based on [his] disability.'" (*Id.* at 11 (quoting *Garcia*, 280 F.3d at 111).) The Report correctly notes that Plaintiff has not alleged any facts to indicate that Defendants did not provide him with a substitute cane *because of* his disability. (*Id.*) As the Report also properly explains, Plaintiff's conclusory allegations are insufficient to support his claims for monetary damages. (*See id.* (citing *Russell v. New York*, No. 18 Civ. 8543 (VSB), 2019 WL 4805687, at *5 (S.D.N.Y. Sept. 30, 2019)).) Therefore, because Plaintiff's claims for monetary damages fail regardless of which standard this Court applies, these claims are dismissed.

Additionally, as the Report properly found, the ADA does not permit a claimant to recover punitive damages in private suits. (*Id.* at 12.) Therefore, Plaintiff's claims for putative damages are dismissed.

## B. The Complaint Fails to State a Claim for Equitable Relief Under 12(b)(1).

Plaintiff has not alleged facts that sufficiently demonstrate that he has standing to seek equitable relief under the ADA. (*Id.* at 12–14.) As the Report outlines, to be entitled to equitable relief, which Plaintiff seeks by means of a request for declaratory relief, (*see* Compl. at ¶ 25), Plaintiff must demonstrate that he has constitutional standing under Article III. (Report at 11–14.) In other words, Plaintiff is required to demonstrate "*both* a likelihood of future harm *and* the existence of an official policy or its equivalent," because the Second Circuit has found that "[c]iting a past injury is not enough." (*Id.* at 13 (quoting *Shain v. Ellison*, 356 F.3d 211, 215–16 (2d Cir. 2004)).) Magistrate Judge Wang properly found that Plaintiff has not alleged any facts demonstrating a likelihood of future harm, or even that Plaintiff has any intention to visit the Facility again. (*Id.* at 13–14.) Therefore, Plaintiff's claims for equitable relief are dismissed.

## IV. LEAVE TO AMEND

The Report recommends that this Court grant Plaintiff leave to amend his complaint. (*Id.* at 17–18.) Federal Rule of Civil Procedure 15(a) provides that a district court may grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a). *See also Perez v. 117 Ave. of the Ams. Food Corp.*, No. 15 Civ. 8151 (JPO), 2016 WL 5415090, at *1 (S.D.N.Y. Sept. 27, 2016) ("A district court has broad discretion in determining whether to grant leave to amend.") (citation omitted). Here, the Report found that Plaintiff should be granted leave to amend his complaint, particularly when considering that he is a *pro se* litigant. (Report at 17–18 (citing *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (finding that if a liberal reading of a *pro se* litigant's complaint "gives any indication that a valid claim might be stated," a court should afford the litigant at least one opportunity to amend)).) *See also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("*[P]ro se* plaintiffs should be granted special leniency regarding procedural matters."). Plaintiff is granted leave to amend his complaint.

Subsequent to receiving notice of Magistrate Judge Wang's Report, Plaintiff filed a letter requesting an extension of time to file his amended complaint. (Letter, ECF No. 41.) This Court grants Plaintiff leave to file an amended complaint on or before April 25, 2020.

## V. CONCLUSION

Magistrate Judge Wang's Report is ADOPTED. Defendants' motion to dismiss, (ECF No. 20), is GRANTED. Plaintiff is hereby GRANTED leave to amend his complaint, and his request for an extension of time to file an amended complaint (ECF No. 41) is GRANTED. The Clerk of Court is directed to close the motion accordingly.

7

Dated: New York, New York
　　　March 19, 2020

MAR 1 9 2020

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

8